UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:14-cv-23381-UU

CONNIE MCHALE,

    Plaintiff,

v.

WATER'S EDGE ASSOCIATION, INC.
& FIRSTSERVICE RESIDENTIAL
FLORIDA, INC.,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint. D.E. 11. On October 24, 2014, Plaintiff filed a response. D.E. 16. Defendants filed no reply and therefore, the Motion is ripe for disposition.

THE COURT has considered the Motion and pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons stated below, Defendants' Motion is denied.

## BACKGROUND

This action arises under the Fair Housing Act ("FHA") and the Florida Fair Housing Act ("FFHA"). The Court recites the following facts taken from Plaintiff's Amended Complaint, which are accepted as true for the purpose of ruling on Defendants' Motion to Dismiss. Plaintiff was a lessor and resident of Water's Edge, a residential condominium development, in Coral Gables, Florida. (Compl. ¶¶ 13 & 20.) Defendant Water's Edge Association, Inc. ("WEA"), is

the condominium association for Water's Edge, and WEA delegated responsibility for the management of Water's Edge condominiums to Defendant FirstService Residential Florida, Inc. ("FSR").  *Id.* at 14-18.  Since 1969, WEA has enforced a "no pets" policy but has allowed exceptions to the "no pets" policy for service or therapy dogs.  *Id.* at 19.

Plaintiff, Connie McHale, has been diagnosed with chronic depressive and anxiety disorders and has a torn rotator cuff and tendinitis in her right shoulder, all of which substantially affect the major activities of her daily living.  (Compl. ¶ 8-9.)  Prior to moving into her residential unit at Water's Edge, Plaintiff notified Defendants of her mental and physical impairments and Defendants approved her lease, permitting Plaintiff to keep her assistance animal, Rudy, in her residential unit so long as she paid a non-refundable pet fee and provide supporting documentation evidencing her disabilities and need for an accommodation.  *Id.* at 22.  On August 1, 2013, Plaintiff provided Defendants with a letter from Dr. Mendoza, her treating psychiatrist, which stated: (I) Plaintiff was disabled within the meaning of the FHA, the Americans with Disabilities Act, and the Rehabilitation Act of 1973; (ii) due to mental illness, Plaintiff has limitations with regard to social interaction, coping with stress, anxiety, etc; and (iii) an emotional support animal was prescribed in order to alleviate her limitations and enhance her ability to live independently and fully use and enjoy her residential unit.  *Id.* at 23.

On August 15, 2013, Plaintiff moved into a residential unit at Water's Edge.  (Compl. ¶ 24.)  Plaintiff alleges that in or about October 2013, Defendants began to "intentionally and unlawfully discriminate against McHale by way of acts and omissions evidencing discriminatory animus."  *Id.* at 25.  These acts and omissions include, but are not limited to:

> (i) On or about October 15, 2013, Defendants notified McHale that she was required to carry her assistance animal at all times and never walk her assistance animal on, or even let him touch, the common areas of Water's Edge;
>
> (ii) On or about November 17, 2013, James R. Lowe, the president of WEA, harassed Plaintiff by informing her that "no dogs are allowed in the building and [her] dog was a problem;"
>
> (iii) On or about November 30, 2013, Mr. Lowe harassed Plaintiff as she walked by when he loudly stated, "I smell dog;"
>
> (iv) Repeatedly provoking Plaintiff's assistance animal to bark so as to provide a basis to allege that she was in violation of Defendants' rules;
>
> (v) Harassing Plaintiff by sending her repeated notices, which stated that she was in violation of Defendants' rules because of her assistance animal;
>
> (vi) In or about February 2014, Defendants informed Plaintiff that they would not accept Dr. Mendoza's letter and instead required additional, sworn testimony from Dr. Mendoza and Plaintiff's other physician(s), as to the scope and degree of Plaintiff's disabilities and further evidence showing that an assistance animal was necessary for Plaintiff to fully use and enjoy her dwelling; and
>
> (vii) In or about February 2014, Defendants notified Plaintiff that Water's Edge had adopted new rules relating to the use of service or assistance animals, which were entitled "Water's Edge Service and Therapy Animal Rules and Regulations for Residents of Water's Edge Only" (the "Assistance Animal Policies").

*Id.* at 25-27.

On March 24, 2014, Plaintiff provided Defendants with a letter from Dr. Navarro, another treating psychiatrist, which stated that he prescribed an emotional support animal because the animal's presence will mitigate the symptoms Plaintiff is currently experiencing as a result of her emotional health disability. (Compl. ¶ 29.) Defendants refused to grant Plaintiff her requested accommodation, *i.e.*, an assistance animal, and enforced the Assistance Animal Policies against her, which, among other things, required Plaintiff's assistance animal to be in a carrier when it was not in Plaintiff's residential unit, barred Plaintiff from using the washers and dryers to clean

pet bedding or items with pet hair, and levied fines for violations of any of the rules listed in the Assistance Animal Policies.  *Id.* at 30.

## LEGAL STANDARD

In order to state a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. V. Twombly*, 127 S.Ct 1955, 1964 (2007).

On a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted, the court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). The Court does not view each fact in isolation; but rather considers the complaint in its entirety. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Conclusory allegations will not suffice to state a claim; rather, the complaint must allege sufficient facts to state a plausible claim to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). This means that the factual content of the complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative

level.'" *Edwards*, 602 F.3d at 1291 (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)).

## DISCUSSION

Plaintiff asserts two claims in her Amended Complaint. Count I is based on 42 U.S.C. § 3604(f)(2) and Fla. Stat. § 760.23(8) and Count II is based on 42 U.S.C. § 3604(f)(3)(B) and Fla. Stat. § 760.23(9)(b). In their Motion to Dismiss the Amended Complaint, Defendants make the following two arguments: (i) Count I should be dismissed because Plaintiff lacks standing[1] to bring a claim under § 3604(f)(2) and § 760.23(8); and (ii) Count II should be dismissed because Plaintiff failed to allege that Defendants denied her a reasonable accommodation as required to state a claim under § 3604(f)(3)(B) and § 760.23(9)(b). D.E. 11. Plaintiff counters that she has sufficiently stated a claim under both the Fair Housing Act and the Florida Fair Housing Act. D.E. 16.

Count I

Section 3604(f)(2) states that it shall be unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of- - (A) that person; or (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made

---

[1] Defendants improperly frame their first argument as one based on standing. The "only requirement for standing to sue under [the FHA] is the Art. III requirement of injury in fact," *Telesca v. Vill. of Kings Creek Condo. Ass'n*, 390 F. App'x 877, 880 (11th Cir. 2010) (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 376 (1982)), and Defendants do not argue that Plaintiff did not suffer an injury in fact. Instead, Defendants argue that Plaintiff has failed to state a claim under Section 3604(f)(2) because such claims are limited to discrimination involving services and facilities in connection with a sale or rental and Plaintiff's claim is based on alleged discrimination that occurred after she moved into the rental unit at Water's Edge.

available; or (C) any person associated with that person."[2] Based on *Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n*, 388 F.3d 327 (7th Cir. 2004), Defendants argue that Count I should be dismissed because the alleged discrimination occurred after Plaintiff moved into the rental unit and Section 3604 claims are limited to discrimination involving services and facilities in connection with the sale or rental of a dwelling. D.E. 11 at 4-5. In *Halprin*, the Seventh Circuit held that 42 U.S.C. §§ 3604(a)-(b) do not apply to claims based on post-acquisition conduct because, based on the language of the FHA and the legislative history, the FHA is concerned with access to housing.

Neither the Supreme Court of the United States or the Eleventh Circuit has addressed whether Section 3604(f)(2) is limited to discrimination in provision of services as they are connected to the sale and rental of housing or whether such a claim can be based on discrimination that occurs after a person has acquired housing. However, the plain language of Section 3604(f)(2)(B) specifically prohibits discrimination based on a handicap of "a person residing in [a] dwelling after it is so sold, rented, or made available." Therefore, by its plain language, Section 3604(f)(2) reaches discrimination that occurs after a person has rented a dwelling.

Additionally, several courts within the Eleventh Circuit have allowed Section 3604(f)(2) claims arising out of discrimination that occurs while the Plaintiff is residing in a dwelling to go forward. *See, e.g., Dulworth Family L.P. v. 400 LA Peninsula Condo. Ass'n*, No. 2:11-cv-00584-

---

[2] Fla. Stat. § 760.23(8) is identical to Section 3604(f)(2) and therefore, the Court's legal analysis of Section 3604(f)(2) applies to Section 760.23(8) as well. *Bhogaita v. Altamonte Heights Condo. Ass'n*, 765 F.3d 1277, 1285 (11th Cir. 2014) ("The FHA and the Florida Fair Housing Act are substantively identical, and therefore the same legal analysis applies to each.") (citation omitted).

UA-DNF, 2012 WL 11794802 (M.D. Fla. July 23, 2012) (denying motion to dismiss a Section 3604(f)(2) claim based on defendant's failure to pay for a wheelchair ramp while the plaintiff was using the dwelling as a seasonal residence); *Marton v. Lazy Day Prop. Owners Ass'n*, No. 2:10-cv-117-FTM-29DNF, 2011 WL 1232375 (M.D. Fla. Mar. 30, 2011) (denying motion to dismiss a Section 3604(f)(2) claim based on discrimination that occurred while plaintiff was residing in her dwelling).

Given the plain language of Section 3604(f)(2), the Court finds that it reaches discrimination that occurs after the plaintiff has moved into the dwelling and is not limited to discrimination that occurred prior to acquiring the dwelling. Thus, the Court is not persuaded that *Halprin* provides an adequate basis to dismiss Count I at this time.

Count II

Section 3604(f)(3)(B) states that discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."[5] In order to state a claim under Section 3604(f)(3)(B), "one must prove that (1) he is disabled within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) the requested accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the accommodation." *Bhogaita*, 765 F.3d at 1285. A person is handicapped for the purposes of the FHA, if the person (i) has "a physical or mental impairment which substantially limits one or more of such person's major life activities;" (ii) has "a record of

---

[5] Fla. Stat. § 760.23(9)(b) is identical to Section 3604(f)(3)(B) and therefore, the Court's legal analysis of Section 3604(f)(3)(B) applies to Section 760.23(9)(b) as well. *Id.*

having such an impairment;" or (iii) is "regarded as having such an impairment." 42 U.S.C. § 3603(h).  Moreover, "the denial of an accommodation can be both actual or constructive, as an indeterminate delay has the same effect as an outright denial." *United States v. Hialeah Hous. Auth.*, 418 F. App'x 872, 878 (11th Cir. 2011) (internal quotation marks and citation omitted).

Defendants do not challenge that Plaintiff has sufficiently pled the first three elements of a Section 3604(f)(3)(B) claim.  Instead, Defendants argue that Plaintiff has not properly pled the fourth element, *i.e.*, Defendants refused to make a reasonable accommodation, because (I) Plaintiff alleges that prior to her moving into her residential unit, WEA granted her request to keep her assistance animal in her unit, (ii) there are no allegations that Defendants ever requested that Plaintiff remove the assistance animal and (iii) there no allegations that Plaintiff requested a second accommodation that was denied.

Defendants' arguments are misplaced.  Although Plaintiff alleges that prior to moving into her residential unit at Water's Edge Defendants, subject to certain conditions, permitted her to keep her assistance animal, this allegation is not fatal to her Section 3604(f)(3)(B) claim because Plaintiff later alleges in the Amended Complaint that once she moved into her residential unit, Defendants sent her "repeated notices that because of her assistance animal she was in violation of Defendants' rules." (Compl. ¶ 25(e).)  This allegation provides support for the fourth element of Plaintiff's Section 3604(f)(3)(B) claim because it shows that Plaintiff's request for an accommodation was in fact denied.  Additionally, Plaintiff's Section 3604(f)(3)(B) claim is in part based on the Assistance Animal Policies that went into effect several months after Plaintiff moved into Water's Edge.  Based on the allegations in the Complaint, the Assistance Animal Polices were not waived, modified or revoked and are still being enforced against

Plaintiff.  *See* Compl. ¶ 50  ("Defendants denied, both expressly and constructively, McHale's request for an accommodation of her disabilities in the form of an assistance animal" and "refused to waive, modify, and/or revoke their 'no pets' policy and latter-adopted Assistance Animal Policies.")   Therefore, the Court finds that Plaintiff has sufficiently alleged that Defendants refused to make the requested accommodation.

Lastly, Defendants argue that Plaintiff's allegations lack the specificity necessary to allow the Defendants to formulate a response because Plaintiff failed to specify when she requested a reasonable accommodation, whether the request was in writing, when the Defendants approved the request, whether the approval was in writing, when the Defendants expressly denied a request for reasonable accommodation and whether the denial was in writing.   D.E. 11 at 7.  Defendants further argue that Plaintiff failed to provide any documentation showing that she requested a reasonable accommodation and Defendants imposed conditions and/or denied a reasonable accommodation.  *Id.*  Rule 8(a)(2), however, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to alert the defendant on what the claims are and the facts surrounding the claim.  Plaintiff alleges that she has both physical and mental impairments creating a disability within the meaning of the FHA, she requested a reasonable accommodation in the form of an assistance animal and waiver of Defendants' "no pets" policy and Assistance Animal Policies, she provided a letter to Defendants from a treating psychiatrist who confirmed that the assistance animal was necessary to Plaintiff's use and enjoyment of her residential unit, and Defendants refused to grant the requested accommodation. Given the allegations in the Complaint, the Court finds that Plaintiff has satisfied the pleading requirements under Rule 8(a)(2).

In accordance with the foregoing, it is hereby

ORDERED AND ADJUDGED that the Motion, D.E. 11, is DENIED.  It is further

ORDERED AND ADJUDGED that Defendants must file their Answer to the Amended Complaint within 10 days of the entry of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 1st day of December, 2014.

*Ursula Ungaro*
_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record